## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**JAMIE ROBERSON**                                                    **PETITIONER**

**v.**                                                    **No. 2:10CV182-NBB-SAA**

**EMMITT SPARKMAN, ET AL.**                                          **RESPONDENTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Jamie Roberson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Facts and Procedural Posture

Jamie Roberson is in the custody of the Mississippi Department of Corrections and is currently housed at the Wilkinson County Correctional Facility at Woodville, Mississippi, after having been convicted in the Tunica County Circuit Court for two counts of murder, three counts of aggravated assault and one count of felon in possession of a firearm. Roberson was sentenced to terms of life imprisonment each on Counts I and II (murder), twenty years each on Counts III, IV and V (aggravated assault) and three years on Count VI (felon in possession of a firearm). He is serving his sentences consecutively in the custody of the Mississippi Department of Corrections. *See* State Court Record (S.C.R.), Vol. 2, pp. 162-167.

Roberson, through counsel, appealed his convictions and sentences to the Mississippi Supreme Court, raising the following issues (as stated by counsel):

A.    The court erred in the refusal of defense instructions to the jury, which presented the defense's theory of the case.

B.      The trial court erred in failing to sustain the defense's motion for a new trial, or in the alternative, judgment notwithstanding the verdict, as the weight of the evidence did not support the jury's verdicts.

On February 24, 2009, the Mississippi Court of Appeals affirmed Roberson's convictions and sentences. *Roberson v. State,* 19 So. 3d  95, *reh'g denied*, September 29, 2009 (Miss. Ct. App. 2009) (Cause No. 2007-KA-01412-COA).

Roberson filed a *pro se* "Purposed Motion for Post-Conviction Collateral Relief" along with an "Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court on October 4, 2010, in which he alleged the following grounds for relief in the "Concise Statements of the Claims" (as stated by Roberson):

A. Jamie Roberson has been subjected to a violation of the due process of law and the equal protection clause in violation of the 5th and 14th Amendments to the United States Constitution and denied effective assistance of attorney as afforded him under the 6th Amendment of the United States Constitution and the Mississippi Constitution.

B.  Jamie Roberson was denied due process of law where his attorneys failed to procure the jury instructions that would have allowed the jury to decide on the lesser charges of manslaughter.

C.  Petitioner has been denied due process of law where his attorneys failed to present his case in such a light as to convince the jury that a verdict of murder was against the overwhelming weight of the evidence.

D.  The cumulative effect of the denial of due process and effective assistance of attorney during trial deprived petitioner of a fair trial, in violation of the 5th, 6th and 14th Amendments to the United States Constitution.

E.  Petitioner, who was on trial for murder and armed robbery under Miss. Code Ann. § 97-3-19 and armed robbery under Miss. Code Ann. § 97-3-79 was afforded ineffective assistance of counsel where the indictment failed to quote the appropriate capital murder statute and where counsel failed to object. . . .

F.  Petitioner Jamie Roberson was afforded ineffective assistance of counsel by the attorney who represented him at trial where counsel failed to adequately challenge the state's evidence and failed to properly investigate the factual events. . . .

- 2 -

G.  Petitioner Jamie Roberson was provided with ineffective assistance of counsel where counsel failed to pursue a aiding and abetting instruction as an independent issue, at trial and on direct appeal. . . .

H.  Petitioner Jamie Roberson was afforded ineffective assistance of counsel where defense counsel failed to recuse from the appeal while knowing that such representation in the direct appeal would actually deprive the petitioner of the ability to raise ineffective assistance of trial counsel when an attorney cannot adequately raise ineffective assistance from his own representation.

I.  The sentence life without parole is illegal where the jury did not reach a finding of life without parole and where the court, without a recommendation and finding of life without parole from the jury, was required to sentence petitioner to life imprisonment.

J. Petitioner has been denied due process of law and subjected to plain error where petitioner was denied a fast and speedy trial in violation of the 5th, 6th and 14th Amendments to the United States Constitution.

K.  Petitioner Jamie Roberson was subjected to double jeopardy where he was indicted, prosecuted and found guilty of multiple offenses which occurred at the same time and which required the same evidence.

L.  Petitioner has been denied due process of law where his attorneys failed to present his case in such a light as to convince the jury that a verdict of murder was against the overwhelming weight of the evidence and that a manslaughter or justified homicide would have been the correct verdict.

M.  The indictment charging possession of a firearm by a convicted felon is illegal on that count where the indictment failed to meet the requirements of law in setting forth the statutory elements for enhanced punishment and in failing to set forth the elements which the law requires to prove the underlying felony used to charge petitioner with such offense.

N.  Jamie Roberson has been subjected to a violation of the 6th Amendment to the United States Constitution where Roberson was denied effective assistance of counsel at trial as his attorney failed to properly defend Roberson at trial and failed to adequately prepare for the trial by interviewing witnesses for the defense and performing an investigation before the trial.

O.  Jamie Roberson was denied due process of law where his attorneys failed to procure the jury instruction that would have allowed the jury to decide on the lesser charges of manslaughter.

- 3 -

P.  The prosecution conducted improper opening and closing arguments in the trial of this case and that counsel failed to make the proper objections to such constitutional violation.

Q.  The cumulative effect of the denial of due process and effective assistance of attorney during trial deprived petitioner of a fair trial, in violation of the 5th, 6th and 14th Amendments to the United States Constitution.

On October 19, 2010, the Mississippi Supreme Court denied Roberson's application for post-conviction relief.

In the present petition for a writ of *habeas corpus*, Roberson raises the following grounds (as summarized by the court)[1]:

**Ground One**:  Ineffective assistance of counsel.

1. Counsel failed to procure jury instructions that would have allowed the jury to decide on lesser charge of manslaughter.

2.  Counsel failed to present case in a light as to convince the jury that a verdict of murder was against the overwhelming weight of the evidence.

3.  Cumulative effect of the denial of effective assistance of counsel.

4.  Counsel failed to object to the sufficiency of the indictment as it related to the murder charges.

5.  Counsel failed to "adequately challenge the state's evidence and failed to properly investigate the factual events." Further, counsel should have called witnesses to provide testimony that Roberson did not shoot the victim.

6.  Counsel failed to pursue aiding and abetting instruction because petitioner lacked intent.

7.  Counsel failed to pursue defense of actual innocence.

---

[1]The instant petition, on its face, raises only two issues for federal *habeas corpus* review. However, within each issue, there are eight numbered paragraphs, each of which raises additional claims.  As did the State, the court has restated and renumbered the issues in the interest of brevity and clarity.

8.  Counsel failed to recuse from appeal knowing that his representation in direct appeal would deprive petitioner of the right to raise ineffective assistance of counsel.

9.  Counsel failed to investigate and failed to adequately prepare for trial by interviewing witnesses for defense.

**Ground Two**:          Denial of right to speedy trial.

**Ground Three**:        Double jeopardy.

**Ground Four**:         Indictment charging possession of firearm failed to set forth proper elements.

**Ground Five**:         Prosecutor made improper opening and closing arguments and counsel was ineffective for failing to object thereto.

**Ground Six**:          Cumulative error.

Roberson has exhausted his state court remedies as to all of the issues raised in the instant petition.

## Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered all grounds on the merits, either on direct appeal or on application for state post-conviction collateral relief, and has decided those issues against the petitioner. Hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

(d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to any grounds of the instant petition.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is

- 6 -

the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ground One:  Ineffective Assistance of Counsel

Roberson argues in Ground One that counsel was ineffective for a number of reasons. The Mississippi Supreme Court reviewed these claims of ineffective assistance of counsel in post-conviction proceedings and determined that Roberson "failed to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5)."

To merit relief on a claim of ineffective assistance of counsel, a *habeas corpus* petitioner must satisfy the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984) by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of the deficient performance. *See also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). If a petitioner fails to establish either prong of the *Strickland* test, then the court must reject the claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986)(overruled on other grounds).

Under the deficiency prong, Roberson must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Counsel's performance is considered deficient if "it falls below an objective standard of reasonableness" under prevailing professional norms. *Strickland*, 466 U.S. at 688. The court must determine there is a gap between what counsel actually did and what a reasonable attorney would

- 7 -

have done under the circumstances. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001). Roberson must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). A court must resist the temptation to view the attorney's actions with the crystal clarity of hindsight; instead, the court must review an attorney's decision based upon the facts and circumstances as they existed at the time. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988), *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Finally, there is a strong presumption that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir. 1986).

To prove prejudice, Roberson must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. at 369; *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). An error by counsel, even if professionally unreasonable, does not warrant *habeas corpus* relief if the error had no effect on the judgment. *Summit v. Blackburn*, 795 F.2d 1237, 1242 (5th Cir. 1986). There is no constitutional entitlement to error-free representation. *Washington v. Watkins*, 655 F.2d 1346, 1367 (5th Cir. 1981), *cert. denied*, 466 U.S. 949 (1982). Roberson has not shown in his petition that "but for" counsel's alleged errors the result of the proceedings would have been different.

### Failure to Submit a Manslaughter Jury Instruction

Roberson makes numerous allegations with regard to his trial counsel's performance. First, Roberson contends that trial counsel failed to procure jury instructions that would have allowed the jury to consider a lesser charge of manslaughter. This allegation is squarely contradicted in the record.

Counsel, indeed, submitted manslaughter instructions,[2] and raised the issue of the trial court's denial of his lesser included instructions as an issue for appellate review. *See* Brief of Appellant in S.C.R; *see also Roberson v. State,* 19 So. 3d at 101-102. The state appellate court found that the trial court properly refused the instructions because they were not supported by the evidence. *Roberson,* 19 So.3d at 101-102. As such, Roberson can show neither deficiency nor prejudice in counsel's actions for allegedly failing to seek a lesser included instruction on manslaughter.

### Failure to Convince the Jury that the Evidence Was Insufficient to Support the Verdict

Roberson next argues that counsel "failed to present his case in such as light as to convince the jury that a verdict of murder was against the overwhelming weight of the evidence." ECF Doc. 1, p. 5. This allegation is wholly conclusory in nature. "[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000) (citations omitted); *see also Collier v. Cockrell,* 300 F.3d 577, 587 (5th Cir. 2002) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."). The State presented witnesses who testified that Roberson was present and was the lone shooter. Indeed, Roberson himself gave to police three statements admitting that he shot the gun multiple times at one of the victims. All of the casings recovered were fired from the same weapon, though the weapon itself was not recovered. All of the bullets recovered were of the same caliber as the spent casings. Given this powerful evidence of his guilt, Roberson has not set forth what additional argument or facts counsel could have presented to the jury that would better have supported his defense. Roberson's conclusory allegation does not raise an issue cognizable for federal *habeas corpus* review.

---

[2] S.C.R., Vol. 1, pp. 121, 123-125; *see also* S.C.R., Vol. 4, pp. 213-228.

### Failure to Object to the Indictment

Roberson also challenges trial counsel's failure to object to the indictment, alleging that the indictment failed to quote the murder statute under which Roberson was charged. He contends that the indictment "failed to quote Miss. Code Ann. § 97-3-19(2)(e) which constitutes that the indictment failed to provide Roberson with adequate notice by charging the correct statute in which the State would proceed under." ECF Doc. 1, p.5.

The indictment is contained in the state court record and is valid on its face. *See* S.C.R. Vol. 1, pp. 8-9. The indictment clearly sets forth the charges against Roberson, including the applicable section of the state code for each crime charged, as well as the appropriate charging language with regard to each count, including the factual basis for each charge. *Id.* Regarding the two charges of murder, the indictment sets forth a charge of murder and names as its source Miss. Code Ann. § 97-3-19. S.C.R., Vol. 1, p.8. Further, within the body of the indictment, specifically under Counts I and II, the indictment tracks the statutory language for the type of murder that is charged with regard to each victim. For Count I, the indictment tracks the language of § 97-3-19(1)(a), and for Count II, the indictment tracks the language of § 97-3-19(1)(b). Under state law, an indictment that tracks the language of the charging statute is sufficient to put the defendant on notice of the nature of the charge against him. *See Smith v. State,* 989 So. 2d 973, 979 (Miss. Ct. App. 2008); *see also Holifield v. State,* 852 So. 2d 653, 657 (Miss. Ct. App. 2003) (indictment tracking language of statute and specifying unlawful conduct puts defendant on notice of charge against him). Further, the indictment is signed by both the grand jury foreman and an Assistant District Attorney. *Id.* By any rational measure, the indictment in Roberson's case is sufficient under Mississippi law. As such, counsel had no basis upon which counsel to interpose an objection. Roberson has shown neither deficiency nor prejudice in

counsel's actions regarding the sufficiency of the indictment. *See, e.g., Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."); *see also United States v. Gibson,* 55 F.3d 173, 179 (5th Cir. 1995) (attorney not required to file meritless motions).

### Failure to Challenge the State's Evidence

Roberson also alleges that counsel failed to "adequately challenge the state's evidence and failed to properly investigate the factual events." ECF Doc. 1, p. 6. Roberson adds within his claim of failure to investigate that counsel should have called witnesses to provide testimony that Roberson did not shoot the victim. *Id.* Roberson also contends that counsel failed to adequately prepare for trial by interviewing witnesses for the defense. *Id.* at p. 7.

First, Roberson's allegations that counsel failed to conduct pretrial investigation are again conclusory. Further, with regard to the other allegations that counsel failed to investigate, Roberson fails to allege (1) what additional investigation or preparation counsel should have undertaken, (2) what such an investigation would have revealed, or (3) how additional investigation or preparation might have altered the outcome of the trial. Again, "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson,* 200 F.3d at 282 (citations omitted); *Collier v. Cockrell,* 300 F.3d at 587. By raising only a conclusory allegation, Roberson has failed to raise an issue cognizable for federal *habeas corpus* review.

Roberson's claim that counsel failed to call certain witnesses is also without merit. "Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *Sayre v. Anderson,* 238 F.3d 631, 635-36 (5th Cir. 2001) (citations omitted). The decision regarding which witnesses to call is a matter of

- 11 -

trial strategy. Roberson must show that, but for his attorney's failure to call the unnamed witnesses, the jury would have had a reasonable doubt about his guilt. *Earhart v. Johnson*, 132 F.3d 1062, 1068 (5th Cir. 1998). Given the character and magnitude of the evidence the State presented at trial and the vigorous defense counsel mounted on his behalf, Roberson cannot meet this burden. Therefore, as to these claims, Roberson has shown neither deficiency nor prejudice.

### Aiding and Abetting Instruction

Roberson argues that counsel was ineffective for failing to pursue an aiding and abetting instruction. Under state law, aiding and abetting is defined as "the offense committed by those persons who, although not the direct perpetrators of a crime, are yet present at its commission, doing some act to render aid to the actual perpetrator." *King v. State,* 47 So. 3d 658, 663 (Miss. 2010) (citation omitted). In the instant case, there was no evidence presented that Roberson was aiding anyone or that anyone else fired the shots which killed or injured the victims. To the contrary, the evidence presented at trial established that Roberson was the only one shooting a weapon at the scene. Therefore, there was no basis on which counsel could have requested such an instruction. Counsel cannot be deemed ineffective for failing to submit an instruction that was not warranted under the evidence.

In any event, under Mississippi law, one who aids and abets a principal in a crime can be held criminally liable to the same extent as a principal. *King v. State,* 47 So. 3d 658, 663 (Miss. 2010). Thus, such an instruction would not operate to lessen Roberson's potential culpability, but would, instead, act as a way broaden the State's ability to show that he participated in the crime. Even if an aiding and abetting instruction had been given, it would almost certainly have acted to Roberson's detriment, and counsel was wise for not seeking such an instruction. As such, Roberson can establish neither a deficiency nor prejudice in counsel's actions.

## Failure to Seek a Defense of Actual Innocence

Roberson argues that counsel failed to pursue a defense that he was actually innocent. First, this allegation is conclusory, as Roberson fails to state what additional evidence counsel could have been introduced or what additional argument counsel could have made to support his theory. More importantly, the record reflects that counsel attempted, through cross-examination and presentation of witnesses, to establish that there were other guns in the club on the night in question. In this way, counsel tried to instill doubt in the jury's mind as to whether Roberson shot the victims. Counsel also stated in opening that it was self-defense as to one (1) count of murder and that Roberson was innocent as to the remaining counts. S.C.R. Vol. 4, pp. 189-193. Further, defense counsel argued in closing that one (1) count was self-defense and that the evidence showed that someone else committed the other crimes. S.C.R. Vol. 4, pp. 258-267. Indeed, during the jury instruction conference, the trial judge noted that defense counsel was arguing that his client did not commit the crimes charged in discussing counsel's attempt to raise the alternate theory of self-defense. S.C.R. Vol. 4, p. 215.[3] Thus, despite Roberson's claim in the instant petition, counsel argued throughout the trial that Roberson was innocent of the charges. Roberson has shown neither deficiency nor prejudice in counsel's actions regarding a defense of actual innocence.

## Counsel's Decision to Pursue the Direct Appeal

In addition, Roberson argues that counsel was ineffective for his continued representation of Roberson during the direct appeal. Roberson believes that counsel should have requested that another attorney prosecute the appeal so that Roberson could pursue claims of ineffective assistance of counsel during the appeal. ECF Doc. 1, p. 6. Counsel's decision to continue as appellate counsel did not in

---

[3]The trial judge questioned counsel, "Your theory is that he didn't do it, or that he did it and it's self-defense?" S.C.R. Vol. 4, p. 215.

any way impair Roberson's ability to present his claims of ineffective assistance of counsel to the Mississippi Supreme Court. Roberson raised his claims of ineffective assistance in his application for post-conviction relief, and the Mississippi Supreme Court review the merits of those claims. In addition, under state law, ineffective assistance of counsel claims which cannot be reviewed on direct appeal should be raised in post-conviction. *See Henry v. State,* 40 So. 3d 621, 626 (Miss. Ct. App. 2010). Therefore, had Roberson obtained other counsel on appeal, any claim of ineffective assistance of counsel that could not have been determined on the four corners of the record would have been dismissed without prejudice to be raised in post-conviction. As such, Roberson can show neither deficiency nor prejudice in counsel's actions.

### Cumulative Error

Finally, Roberson argues that the cumulative effect counsel's alleged errors resulted in the denial of effective assistance of counsel. As discussed above, Roberson has not shown that counsel provided ineffective assistance during his representation. Therefore, the Mississippi Supreme Court's decision upholding the soundness of counsel's representation was neither contrary to nor an unreasonable application of *Strickland, supra.*

### Ground Two:  Speedy Trial

In Ground Two, Roberson argues that he was denied his right to a speedy trial. Allegations of constitutional speedy trial violations are governed by the four-pronged test in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182 (1972). In *Barker*, the Court announced four factors to be weighed in reaching that determination:  (1) length of delay, (2) reason for the delay, (3) accused's assertion of the speedy trial right, and (4) prejudice to the accused. *Hall,* 984 So. 2d at 282 (citations omitted). These factors must be considered together, and no single factor is determinative.

- 14 -

### *Length of Delay*

This factor serves as a "triggering mechanism." *Id*. at 530. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay is necessarily dependent upon the peculiar circumstances of the case," *id*., and "[t]he relevant period of delay is that following accusation, either arrest or indictment, whichever occurs first." *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993), *citing Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975). In the Fifth Circuit, a one (1) year delay is routinely recognized as "presumptively prejudicial." *Id*., citing *Nelson v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993). In Mississippi, the Supreme Court has generally held that a delay of eight months or longer is "presumptively prejudicial." *State v. Woodall*, 801 S0.2d 678, 682 (Miss. 2001), *citing Smith v. State*, 550 So.2d 406, 408 (Miss. 1989). While the record is unclear when Roberson was arrested, there is testimony to establish that Roberson turned himself in to police shortly after the crimes. The record reflects that Roberson's indictment was filed August 14, 2006, and capias was issued that date. S.C.R. Vol. 1, p. 6. On August 21, 2006, there was an Order establishing discovery deadlines and rules. *Id.* at pp. 11-12. Roberson was arraigned on August 22, 2006, and by Order filed August 31, 2006, the trial court set petitioner's case for the next term of court on October 30, 2006. *Id.* at pp. 13, 17-24.

Therefore, even assuming that Roberson was arrested shortly after the crime in mid-January 2006, it was, at the very most, nine months before the first trial setting in this case. As the record is unclear regarding the exact date of petitioner's arrest, the court finds that the delay was presumptively prejudicial under state law. The remaining factors do not, however, weigh in Roberson's favor.

### *Reason for Delay*

Trial of this case was set for October 2006. Counsel for Roberson moved for a mental examination in September 2006, and that motion was granted. S.C.R. Vol. 1, pp. 25-26, 33-35. Counsel also filed a motion for a continuance on September 28, 2006, seeking additional time to prepare, including time to review discovery, review ballistics, and to identify and interview potential experts. S.C.R. Vol. 1, pp. 27-29. By Order filed October 10, 2006, the trial judge granted Roberson's motion for continuance, noting therein that "[t]he Defendant shall not benefit from the 270-Day Rule nor any Speedy Trial issues as a result of this continuance." S.C.R. Vol. 1, p. 36. The record contains two (2) additional requests for a continuance made by Roberson's counsel on his behalf, both of which expressly waived the petitioner's right to a speedy trial. *Id.* at pp. 55-58, 69-70. The last continuance requested by counsel was filed on June 13, 2007 (*Id.* at p. 69), and there is no order in the record with regard to this request. However, the record does reflect that the trial began five (5) days later on June 18, 2007. S.C.R. Vol. 3. Therefore, *all* delay of the trial in this matter resulted from requests by Roberson's counsel on his behalf. As such, this factor weighs against Roberson.

### *Defendant's Assertion of the Right*

The third consideration under *Barker* is whether the defendant effectively asserted his right to a speedy trial. The record does not contain any request for a speedy trial filed by Roberson or on his behalf. To the contrary, Roberson, through counsel, waived his right to a speedy trial in his motions for continuance. As such, this factor also weighs against Roberson.

### *Prejudice to the Defendant*

The fourth and final factor is prejudice to the accused. The right to a speedy trial protects a criminal defendant against: (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) impairment of his defense. *Barker*, 407 U.S. at 532. The Supreme Court has also

noted that "the most serious" of these is the last, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

Roberson has not, however, stated what prejudice he may have suffered as a result of the time between his arrest and his trial; nor does the record contain evidence of such prejudice. As such, this factor leans in favor of the State and against Roberson

Therefore, with all *Barker* factors, save the triggering mechanism (length of delay), weighing against petitioner, Roberson has not shown that he was deprived of his constitutional right to a speedy trial. For these reasons, the Mississippi Supreme Court's decision was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In addition, the decision was not based on an unreasonable determination of the facts in light of the evidence. As such, Roberson is not entitled to *habeas corpus* relief on Ground Two.

### Ground Three:  Double Jeopardy

In Ground Three, Roberson contends that he was subjected to double jeopardy because he was indicted, prosecuted, and found guilty of multiple offenses which occurred at the same time. The record reflects that petitioner was indicted and tried for two (2) counts of murder, three (3) counts of aggravated assault and one (1) count of felon in possession of a firearm. The propriety of charging a defendant with multiple offenses must be determined by the test set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L. Ed. 306 , 309(1932), which states: "The applicable rule is where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *See also United States v. Parker,* 960 F.2d 498

- 17 -

(5th Cir. 1992). Each of the crimes charged in the indictment required proof of an element that the others did not, as there were five separate victims in this case, each of whom was hit by a bullet in some way. The remaining charge – felon in possession of a firearm – likewise requires proof of additional facts which the other charges do not. As such, Roberson's right to protection from double jeopardy was in no way violated, and he has not shown that Mississippi Supreme Court's decision to reject this claim was contrary to or an unreasonable application of clearly established federal law.

### Ground Four: Failure of Indictment to Charge the Offense of Felon in Possession of a Firearm

In Ground Four, Roberson argues that the part of the indictment charging him with possession of a firearm failed to set forth the statutory elements necessary to prove the underlying felony. ECF Doc. 1, p. 7. The sufficiency of a state indictment is not a matter for federal *habeas corpus* review unless the indictment was so defective that the convicting court had no jurisdiction. *Riley v. Cockrell,* 339 F.3d 308, 313-14 (5th Cir. 2003). "State law dictates whether a state indictment is sufficient to confer a court with jurisdiction." *Williams,* 16 F.3d at 637.

Rule 7.06 of the Uniform Circuit and County Court Rules sets forth the required elements of an indictment. The indictment was in compliance with the requirements set forth in Rule 7.06. *See* S.C.R. Vol. 1, pp. 8-9. It contains all the required elements for charging Roberson as a felon in possession of a firearm and clearly put Roberson on notice of the charge against him. The indictment cited the statute under which Roberson was charged – Mississippi Code § 97-37-5. Further, the language in Count VI of the indictment set forth that Roberson was charged as a felon in possession of a firearm, "to-wit: a pistol, after he, the said Jamie Orlando Roberson, had previously been convicted of the felony crime of possession of cocaine, in the Circuit Court of Tallahatchie County, Mississippi." S.C.R. Vol. 1, p. 9. Roberson clearly "had access to and was aware of the proper date of the

judgment." *Hatten v. State,* 938 So. 2d 365, 368 (Miss. Ct. App. 2006). For these reasons Roberson had sufficient information to inform him of the specific prior conviction upon which the State based the charge in compliance with state law. *Id.; see also Benson v. State,* 551 So. 2d 188, 196 (Miss. 1989). Further, as discussed above, the indictment contains the signature of the grand jury foreman on its face and on the supporting affidavit. Clearly, the state court had jurisdiction based on this indictment, and particularly on this charge in the indictment. Therefore, this court lacks jurisdiction to afford Roberson relief on his claim in Ground Four. *Riley,* 339 F.3d at 313-14.

### Ground Five: Improper Opening Statement and Closing Argument

In Ground Five, petitioner contends that the prosecutor made improper opening and closing arguments. "[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." *United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 1044 (1985). "Moreover, a prosecutor is not prohibited from reciting to the jury those inferences and conclusions he wishes [the jury] to draw from the evidence so long as those inferences are grounded upon the evidence." *United States v. Washington*, 44 F.3d at 1278 (citations and internal quotations omitted). *Id.* (citations and internal quotations omitted). In addressing whether argument by the prosecutor violates due process, the Fifth Circuit has held that "the appropriate inquiry is not whether the remarks were undesirable or even universally condemned but rather, whether the prosecutor's comments so infected the trial with unfairness that there is a reasonable probability that the result would have been different if the proceeding had been conducted properly." *Jackson v. Johnson*, 194 F.3d 641, 653 (5th Cir. 1999); *see also Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935) (test to be applied is whether the prosecutor's argument,

taken as a whole in the context of the entire case prejudicially affected substantial rights of the defendant).

In this case, Roberson has not identified what prosecution statements during opening and closing that he contends are objectionable. The court's review of the prosecutor's opening statements and closing arguments does not reflect any impropriety. As such, Roberson has shown neither undesirable remarks by the prosecution nor that his trial was rendered fundamentally unfair as a result of the prosecutor's arguments. In addition the trial court instructed the jury that attorneys' statements and arguments are not evidence and that the jurors should follow their own recollection with regard to the evidence. S.C.R. Vol. 1, pp. 132-133, 135. Based upon the content of the State's opening statement and closing argument, as well as the court's admonition regarding how the jury may make use of them, the court finds no merit to Roberson's claim of improper opening statement and closing argument.

Roberson also claims that counsel should have objected to the prosecutions opening statement and closing argument. As above, this claim is nothing more than a conclusory allegation. The Fifth Circuit has made it clear that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000) (citations omitted); *see also Collier v. Cockrell,* 300 F.3d 577, 587 (5th Cir. 2002) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.") Roberson has not alleged which parts of the prosecutor's opening statement and closing argument were objectionable, and he has not shown how such argument rendered his trial fundamentally unfair. As such, Roberson has failed to show neither deficiency nor prejudice resulting from counsel's performance at trial. As such, the state supreme court's decision finding no merit to

these claims was neither contrary to, nor an unreasonable application of, clearly established federal law in the instant case.

### Ground Six: Cumulative Error

Finally, in Ground Six, Roberson claims that the State denied him due process of law based on cumulative error. Cumulative error is an independent basis for *habeas corpus* relief, but only where "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) (*citing Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992)). In evaluating the sufficiency of a cumulative error charge, neither meritless claims nor claims that are not prejudicial can be aggregated, regardless of the total number raised. *Derden*, 978 F.2d at 1461. *See also United States v. Nine Million Forty One Thousand Five Hundred Ninety Eight Dollars and Sixty Eight Cents*, 163 F.3d 238, 250 (5th Cir. 1998). None of Roberson's preceding claims for *habeas corpus* relief has merit; as such, none can be used to support the present claim of cumulative error. Roberson has not proved that that alleged errors, capable of review, collectively cast doubt upon whether the verdict satisfied his right to due process. The state court decision was neither contrary to, nor an unreasonable application of, clearly established federal law. This claim is without merit and will be denied.

### Conclusion

In sum, § 2254(d) requires deference to state court decisions on claims adjudicated on the merits in the state court. Under the AEDPA, a federal court will not disturb a state court's application of law to facts unless the state court decision was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. The court has reviewed the state courts'

findings as to all grounds in the instant petition. The decision by the Mississippi Supreme Court that Roberson's claims have no merit did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1); *see also Gachot v. Stalder,* 298 F.3d at 421 (5th Cir. 2002). In addition, the Mississippi Supreme Court did not determine the facts unreasonably in light of the evidence presented. *Id.*

As such, Roberson is not entitled to relief based on his claims in those grounds, and the instant petition for a writ of *habeas corpus* will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 4th day of March, 2014.

_____/s/ Neal Biggers_____
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE